Tucker, Judge.
There were no depositions taken on the bill of review, which was a great omission. Johnston's, in particular, might have been very material. With regard to bills of review, the doctrine is, that they may be granted for three causes, 1. Error in law appearing upon the decree itself. 2. New matter happening after the decree. 3. Old matter discovered since the decree. Mitf. Plead. Ch. 78. 1 Ch. Cas. 43, 45. The case before us is not strictly within either of these causes. For there is no error, upon the face of the decree, alledged in the bill: Nor is any new matter, which happened after the decree, sufficiently stated, or proved. And with respect to the third, the bill does not assert, nor does the testimony prove, a discovery since the *101 decree, as the practice requires. 2 Atk. 534. I think however that the answer has disclosed facts, which, if properly alledged and proved, would have been a sufficient ground for sustaining the bill; and consequently they will, as coming from the defendant’s own pleading, be sufficient to sustain it now; especially as the defendant has neither pleaded, nor demurred, to the bill. 2 Atk. 534. The original proceedings cannot be garbled; but, if gone into at all, they must be fully examined. The court might have refused to allow the bill at first; but having granted leave to file it, the objection may possibly be removed, although that may admit of some doubt. Mitf. Plead. Ch. 80. But be that as it may, as .the defendant has neither pleaded nor demurred, 1 am clear that the plaintiff may now go into the old matters; and, upon them, the evidence is with him. I think therefore that the decree ought to be reversed, the cause opened, and gone into upon the whole proceedings. Then, according to my judgment, there should be an issue to enquire, 1. Whether the note was given, and accepted for £ 500 ? 2. Whether the note was given up to be cancelled ? And, if either is found for the defendant, the bill should be dismissed : But if either is found for the plaintiff, then a third issue, to enquire whether it was discharged, should be directed ? And if so, a perpetual injunction ought to be granted.
Roane, Judge.
Bills of review are of two kinds: 1. For error apparent on the face of the decree itself. 2. Such as are founded on new matter arising after the decree, upon new proofs, which could not have been used when the decree passed. Morris v. Le Neve, 3 Atk. 35.
As to the first kind, they are filed without any affidavit; but the judgment of the court overruling the demurrer (the regular kind of opposition to a bill of this species), is considered as a leave given, by the court, to file the bill and open the enrolment. 1 Harr. Ch. Prac. 70,
*102 But such leave would not be given, by overruling a demurrer, nor such consequences ensue, unless for error apparent on the face of the decree; as when a decree is made against an infant, so appearing on the face of the decree itself. 1 Harr. Ch. Prac. 78. Such leave would not thus be given on a suggestion, that the matters stated in the decree “ to have been proved,” were not proved. In Combes v. Proud, 2 Freem. 182, it was held, on debate, that the cause of the review must appear on the case, as stated in the decree, and the fact be admitted as there stated; and that where there is a misjudgment in point of fact, or of testimony, the proper course would have been to have gotten the cause reheard, before enrolment. I do suppose, that this doctrine equally withdraws from the effect of a bill of review for apparent error, mistakes of judgment ujpon matters of fact in a master’s report (especially such as arise from conflicting testimony) although the report may be adopted in the decree itself. In a bill of this kind too, the point of the decree in which the error is supposed to be must be particularly stated. 2 Freem. 170.
In a bill of the second kind (i, e. one grounded upon new testimony), leave is granted only upon affidavit of the testimony, and of the discovery. Those points are considered by the court before the bill is allowed to be filed; and it has not been held until lately, that the point of discovery was traversable. Hanbury v. Stevens, Mitf. Plead. 80. As the relevancy of the new matter is generally well considered by the court, it rarely becomes necessary to demur for that cause; and, hence, that kind of defence is seldom used in a case of this sort. Mitf. Pl. 167; especially, as without a protestation, it might be deemed to admit the truth of the alledged matter.
The affidavit must be, that the new testimony could not be used, when the decree was pronounced. 1 Harr. Ch. Prac. 173.
These doctrines, confessedly, apply to the case of testimony derived from witnesses; and the practice is to state *103 that testimony, and the names of the witnesses. Without the former, the court cannot judge of its relevancy, and therefore cannot know whether it ought to award the bill or not.
But a question arises, What is the consequence of new matter disclosed by the defendant in his answer to the bill of review ? Whether such matter can be relied on, as a ground of relief in a bill of this kind.
The answer is, That the defendant in equity is but as a witness, and every rule and doctrine applying to other witnesses, in this respect, apply to him. If the plaintiff before knew of any fact within the defendant’s knowledge, and did not draw it from him, he shall not, in this proceeding, avail himself of it. He shall not in this case, more than in others, dispense with the affidavit, and the leave of the court, without which the bill ought not to be, nor can be considered, as granted.
Such are some of the doctrines on this subject; which I have deemed proper to state as introduetive of my opinion on the case before us: In what I now say, I beg to be understood to have particular reference to them.
This bill of review, like most in our country, is irregular and informal. It, however, seems to take two grounds, and two only. 1. The ground of new testimony, stating what it is, and from whence it arises. 2. Errors in the report of the commissioner. The reiteration of the forgery of the note of the 27th of April, and the genuineness of the receipt of that date, matters before amply discussed, and decided on, is not worth noticing.
As to the first, the witnesses are not examined, and the new matter not proved, though denied by the defendant’s answer. I throw this part of the bill therefore out of the case.
But, secondly, I have said the objections are to the report of the commissioner, in his decision upon the items of account. I am warranted in this idea, not only from the general tenor of the bill, but from the conclusion of the bill *104 in these words, In tender consideration, &c. notwithstanding the said discovery of new testimony and errors aforesaid in the said report, he can obtain no relief, he.
This bill, on this ground, of objections to the report, falls, strictly, within the reason of the case before mentioned of Combes v. Proud. If there be an error in that report, it is an error in point of fact, in misjudging the effect of the testimony. Such an error, if any, was good cause for a rehearing, but not for a bill of review.
But, in my opinion, if the case were even open to us, the merits were rightly decided.
I throw out of the case, for the reasons before stated, the new matter said t'o have been drawn from the defendant himself in his answer to the bill of review: as to such new matter, the bill is not to be considered as granted, nor as before us. But what is that new matter ? The defendant, in the second answer, denies a payment, to him, of £ 87. 9. 8. on the 26th of April, 1786, or on any other day, or any other payments, except those stated in the accounts current. In the first answer, he admits some payments on the 26th of April, 1786, and refers to his account rendered; which credits two items as of that day, but for sums different from that of £ 87. 9. 8. The last answer is therefore not inconsistent with the first. It does not go to a denial of any payment, but only of a payment of that particular sum. If it be said, that the reference by the defendant in his answer to the commissioner’s report adopts it, and lets us in to the whole subject, I answer not only by repeating the before mentioned objection to this evidence as applying to this bill, but also that that reference as much adopts the commissioner’s conclusion upon the facts, as the facts themselves, and thus demolishes the ground of error imputed to that report.
In the strictness of chancery proceedings, the defendant ought, properly to have demurred to that part of the bill which states errors in the decree itself, or in the report which it adopted, and also have answered as he has done, to the *105 new matter. He has, however, substantially claimed the benefit of that decree in saying, “He imagined the whole merits of the bill had already been amply investigated and decided on and that “ the complainant can never have a fairer settlement, than has already been had in this honourable court.” This is, substantially, a plea of the former decree. That the defendant has not also filed a demurrer, is an objection that does not well come from the complainant, who, as appears from the affidavit and the general tenor of the bill, did not profess to predicate his bill on the ground of apparent error in the decree itself; and, if so, no demurrer was necessary. It is even admitted by the judge, who preceded me, that the bill is not to be considered as one of that kind. Under this idea, a demurrer was not, under the strictest rules of pleading, necessary to have been filed. A demurrer is not necessary to oppose a bill founded merely on the ground of new matter.
Be this new matter as it. may, I apprehend that the course of chancery proceedings in this country does not bear us out to the full extent of the english rules relative to pleading ; but that that course is satisfied with adhering to substantial principles, calculated to ensure a fair trial, and attain the real justice of the case.
In every view, therefore, I am for affirming the decree.
Fleming, Judge.
I think the appellant has shewn no cause to reverse the decree. For the ground of his bill of review was a pretended discovery of new matter and evidence subsequent to the decree; but he has not sustained, it by any testimony; for the only evidence taken by him in support of it, is the deposition of Young; and that is against him. Therefore, upon the general practice, he clearly was not entitled to a reversal of the decree. It was said, however, that Hyde had waved the advantage of a demurrer, and disclosed, in his answer, a new fact, relative to a payment of £ 86. 6. 6£. in April 1786, which would open the decree, and authorize a new investigation of the whole sub *106 ject. But were that even true, it would not, I think, help the appellant; because, upon the merits, I am of opinion that the case is decidedly with the appellees. For the supposed clashing in the answers of Hyde is easily removed, when they are compared with the evidence; which shews, to my satisfaction, that only one payment was made in April 1786. And the receipt for £ 186. 16. 6£. is not proved. Therefore, upon the whole, I am of opinion that, both upon the merits and the practice, the decrees are right, and ought to be affirmed.
Carrington, Judge.
I have always considered that the object of a bill of review was to correct the decree for error upon the face of the proceedings; or for something material discovered since it was pronounced: And, in the latter case, it should be proved, not only that there was such new matter, but that it was, in fact, discovered since the decree was made. In the present case, however, the bill alledges the old matter only, and says that the plaintiff can prove it by several witnesses, who were unknown to him at the time of making the decree : which I admit was a good ground for receiving the bill of review; but then it ought to have been proved upon the trial of the cause; for the answer denied it, and claimed the benefit of the decree; which threw upon the plaintiff the necessity of supporting his bill by new testimony. This he failed to do; and therefore the court of chancery acted correctly in dismissing the bill. I do not concur with judge Roane, however, that a demurrer would have been a more proper mode of defence than that pursued by the defendant. For when new matter is alledged in the bill, I think it better to answer than demur; because a demurrer admits the new matter, and may endanger the cause; whereas, by answering to the new matter, and insisting on the decree, the defendant avoids the danger of admitting the allegations of the bill, and has likewise the benefit of the decree.
*107 Lyons, President.
The chancellor is probably not so strict, as they are in England, with respect to the ground upon which he grants leave to file bills of review: and therefore the same rigour ought not, perhaps, to prevail in the reconsideration of them by this court. However, in the present case, the decrees are right upon the merits; and therefore I am for affirming them.